No. 500
MORTON v. STATE, for YOUNG, et al
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2542.    Decided Feb. 9, 1925
1283. WORKMEN'S COMPENSATION — When failure or refusal to pay within ten days after award has been made, state may bring action against employer for benefit of dependents, to recover amount of compensation plus 50 per cent as penalty.

HAMILTON, J.

The State brought an action in the Hamilton Common Pleas for the benefit of Lizzie Young, Cora and George Young against Ph. Morton for the purpose of recovering an award made by the Industrial Commission for the wife and children dependents of Richard Young, deceased.

Previously to the institution of the action by the State, Mrs. Young had made application for an award to the Commission. Richard Young had been injured while in the employ of Morton and died as a result. Morton employed more than 5 men and had failed to comply with the Workmen's Compensation Act as an employer. An award was made, but Morton had failed to pay same within 10 days or at any time after notice. Thereupon this original action was brought and judgment was rendered against Morton.

Error was prosecuted and Morton contended that the Commission was without authority to make the award, that Lizzie Young had no legal capacity to prosecute as the action if any, should have been prosecuted by the attorney general. The Court of Appeals held:

1. The Youngs had the choice of two remedies, to prosecute error, by a civil action for damages, or apply to the Industrial Commission for an award.

2. Notice was given Morton who failed to pay. Sec. 1465-75 GC provides among other things: "In the event of failure, neglect or refusal of an employer to pay compensation within 10 days, same shall constitute a liquidated claim for damages against employer in the amount fixed by the board which with an added penalty of 50 per cent, may be recorded in an action in the name of the state for the benefit of person or persons entitled to same.

3. Every requirement of the statute was complied with for bringing the action and the recovery of judgment. Judgment of lower court is affirmed.

Attorneys—George W. Welch, for Morton; Grischy & Grischy, for Young; all of Cincinnati.